O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#78
09/12 hrg vacated

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3476 PSG (FMOx) | Date | September 6, 2011 |
|---|---|---|---|
| Title | Ellen Realson v. University Medical Pharmaceuticals Corp. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):      Attorneys Present for Defendant(s):

Not Present      Not Present

**Proceedings:** (In Chambers) Order Denying Benjamin Rush Smith III's Motion for Leave to Withdraw as Counsel

Before the Court is Benjamin Rush Smith III's motion for leave to withdraw as counsel for Defendant University Medical Pharmaceuticals Corporation. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers submitted in support of the motion, the Court DENIES the motion without prejudice.

I.     Background

In December 2009, Plaintiff Ellen Realson filed this consumer class action in the United States District Court for the District of South Carolina against Defendant University Medical Pharmaceuticals Corporation ("Defendant"). In May 2010, the case was transferred to this district, *see* Dkt # 34, and shortly thereafter the Court granted the application of Benjamin Rush Smith III ("Smith") to appear *pro hac vice* on behalf of Defendant, *see* Dkt # 56. On August 3, 2011, Smith filed this motion to be relieved as counsel for Defendant.

II.     Legal Standard

Under the local rules of the Central District, "[a]n attorney may not withdraw as counsel except by leave of court." L.R. 83-2.9.2.1. In considering an attorney's request to withdraw as counsel, courts often weigh such factors as "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#78**
**09/12 hrg vacated**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3476 PSG (FMOx) | Date | September 6, 2011 |
|---|---|---|---|
| Title | Ellen Realson v. University Medical Pharmaceuticals Corp. | | |

case." *See Beard v. Shuttermart of Cal., Inc.,* No. 07-594, 2008 WL 410694, *2 (S.D. Cal. 2008). Thus, the Central District's local rules also provide, for instance, that "[u]nless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion." L.R. 83-2.9.2.4.

The local rules also impose some procedural requirements. In particular, "[a]n application for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action." L.R. 83-2.9.2.1. Additionally, and notwithstanding the client's continued representation by co-counsel, an attorney requesting leave to withdraw from representing a corporation must "give written notice to the corporation . . . of the consequences of its inability to appear pro se." *See* L.R. 83-2.9.2.3.

III. Discussion

Smith has not satisfied the substantive and procedural requirements for obtaining the Court's leave to withdraw as counsel. His papers fail to address, for example, whether his withdrawal might prejudice other litigants or "cause delay in prosecution of the case to completion." *See* L.R. 83-2.9.2.4. (On this point, Smith would do well to comply with Local Rule 7-5, which requires that motions filed in this Court be accompanied by a "brief but complete memorandum in support thereof." *See* L.R. 7-5.) Nor is there any indication that Smith gave written notice to his client that he intended to seek leave to withdraw, let alone written notice of the consequences of the client's inability, as a corporation, to appear pro se. Accordingly, the Court denies Smith's motion without prejudice.

IV. Conclusion

For the foregoing reasons, the Court DENIES Benjamin Rush Smith III's Motion for Leave to Withdraw as Counsel WITHOUT PREJUDICE.

**IT IS SO ORDERED.**